UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **SHELDRICK DEJOHNETTE** | **CIVIL ACTION NO. 15-0505** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **CAROLYN W. COLVIN, ACTING COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

Plaintiff Sheldrick DeJohnette filed this Complaint for judicial review of the Commissioner's denial of social security benefits. [Doc. No. 1]. The matter was referred to Magistrate Judge Karen Hayes for a Report and Recommendation. Magistrate Judge Hayes recommends that this Court affirm the Commissioner's decision and dismiss the Complaint with prejudice. [Doc. No. 14]. Plaintiff filed written and specific objections to the Report and Recommendation. [Doc. No. 15]. After conducting a *de novo* review of the record in this case, the Court ADOPTS Magistrate Judge Hayes' Report and Recommendation IN PART. Specifically, the Court agrees that the decision of the Commissioner should be AFFIRMED.

However, for the foregoing reasons, the Court DECLINES TO ADOPT Magistrate Judge Hayes' citation and discussion of extraneous evidence in reaching that decision.

First, Plaintiff objects to Magistrate Judge Hayes' consideration of facts in Plaintiff's in forma pauperis ("IFP") application. As a general rule, only evidence that was before the ALJ may be considered by the reviewing court. *See Lee v. Colvin*, 13-705, 2015 3604133 at *3, n. 5 (M.D. La. June 5, 2015) ("It is well established that in cases brought under 42 U.S.C. § 405(g), evidence outside of the record is generally inadmissible, and on judicial review the court cannot consider

evidence that is not already part of the administrative record.") (citing *Lovett v. Scheiker*, 667 F.2d 1, 2 (5th Cir. 1981); *Flores v. Heckler*, 755 F.2d 401, 403 (5th Cir. 1985)). There is no indication that the assertions in the IFP application were part of the record considered by the ALJ. Thus, consideration of those assertions by a reviewing Court could, potentially, result in reversible error. Magistrate Judge Hayes referenced assertions in the IFP on two occasions.

First, when discussing whether it was error to afford little weight to the opinion of Plaintiff's treating psychologists, Magistrate Judge Hayes agreed with the ALJ that there was substantial evidence in the record contradicting Dr. Rita Agarwal's ("Dr. Agarwal") opinion that Plaintiff was at substantial risk for deterioration. Magistrate Judge Hayes noted–in a footnote that was distinct from her actual analysis–that it turned out that Plaintiff did not actually need extensive care or supervision as evidenced by his later adoption of a five-year-old child. To the extent this reference to extraneous information was error, it was harmless. As discussed below, after conducting a *de novo* review of the evidence before the ALJ, the Court agrees that there was substantial evidence allowing the ALJ to discount Dr. Agarwal's opinion.

In another portion of the Report and Recommendation, when discussing the ALJ's refusal to give Plaintiff's testimony full credit, Magistrate Judge Hayes again referenced Plaintiff's adoption of a child to demonstrate that the ALJ was justified in discounting Plaintiff's subjective complaints related to his condition. Again, to the extent this was error, it was harmless. After a *de novo* review of the record, the Court agrees with the ALJ that there was substantial record evidence allowing her to discount Plaintiff's testimony. The ALJ's opinion provides an ample discussion of the contrary evidence which allowed her to, in part, discount his subjective testimony. Fox example, the ALJ noted the following: Plaintiff was not compliant with his medication. There was record evidence

demonstrating his condition often improved when he was compliant with his medication. Thus, the ALJ discounted Plaintiff's testimony as to the severity of his disability. Moreover, there is record evidence that Plaintiff did not complete activities suggested by his treating psychologist at the time which may have improved his condition. Finally, Plaintiff often complained of difficulty sleeping yet frequently napped during the day. Overall, the ALJ's decision to discount Plaintiff's credibility was supported by substantial evidence.

Second, Plaintiff objects to the ALJ's refusing to afford controlling weight to the opinion of Dr. Agarwal, Plaintiff's treating psychologist. Instead, the ALJ chose to afford the testimony of Dr. Cathy Word ("Dr. Word")–the non-examining state agency psychologist–great weight.

"A treating physician's opinion is given controlling weight if it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the [claimant's] record.'" *Tilley v. Astrue*, 580 F.3d 675, 679 (8th Cir. 2009) (quoting 20 C.F.R. § 404.1527(d)(2) (2000)). While the treating physician's opinion is ordinarily given controlling weight, the ALJ is not necessarily bound to accept it or afford it great weight. She may depart from the opinion when the evidence supports another conclusion. Indeed, the ALJ has "sole responsibility for determining a claimant's disability status." *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995) (citation omitted). Deviation from the treating physician's opinion is especially appropriate when that opinion is conclusory, unsupported, incredible, or not supported by the evidence. *See Winsor v. Colvin*, 13-1098, 2014 WL 989249 at *5 (W.D. Wash. March 12, 2014). At bottom, the ALJ must have good cause to refuse to give the treating physician's opinion controlling, or at least considerable, weight.

Here, Plaintiff objects to the ALJ's affording little weight to Dr. Agarwal's opinion on

deterioration. Specifically, a portion of Dr. Agarwal's treatment notes indicated that Plaintiff was at risk for deterioration "in mental or physical condition of functioning if either home and community-based services or nursing facility services are not provided in less than 120 days." [Doc. No., 7-1, Administrative Transcript, pp. 278-79, 301]. The ALJ found that this opinion was entitled to little weight because Dr. Agarwal did not explain it.[1] *See Tobin v. Astrue*, 10-1519, 2012 WL 124441 at *12 (E.D. Mo. Jan. 17, 2012) ("[A] treating physician's checkmarks on a form are conclusory opinions which can be discounted if contradicted by other objective medical evidence."). The ALJ also noted that Dr. Agarwal's treatment notes did not support a purported need for close support services, and, therefore, her treatment notes conflicted with her opinion. Like Magistrate Judge Hayes, the Court finds that substantial evidence justified the ALJ's decision to discount the opinion of Dr. Agarwal. *See Robinson v. Barnhart*, 248 F.Supp.2d 607, 624 (S.D. Tex. 2003) ("Good cause may permit an ALJ to discount the weight of a treating physician's opinion in favor of other experts when the treating physician's evidence is conclusory, unsupported medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence.") (citations omitted).[2]

Plaintiff next objects to Magistrate Judge Hayes' Report and Recommendation finding that the ALJ's refusal to obtain an updated medical opinion report was not reversible error. The pertinent

---

[1] Instead, the opinion came in the form of a box checked without explanation.

[2] When refusing to afford a treating physician's opinion full weight, the Court must ordinarily consider several factors in determining the weight to be given the opinion. 20 C.F.R. § 404.1513. The Court notes that, in this case, because there was medical evidence from another treating or examining physician which controverted Dr. Agarwal's opinion, the ALJ did not need to perform a detailed analysis under § 404.1527(c). *See Holifield v. Astrue*, 402 Fed. App'x. 24, 2010 WL 4560524 at *3 (5th Cir. Nov. 10, 2010).

regulations make it clear that the decision to obtain an updated report is left to the discretion of the ALJ. *See Ybarra v. Colvin*, 13-3720, 2015 WL 222330 at *7 (S.D. Tex. Jan. 14, 2015) (noting that "when additional medical evidence is received that in the opinion of the ALJ may change the State agency medical or psychological consultant's findings, an updated medical opinion regarding disability is required.") (citing *Brister v. Apfel*, 993 F.Supp. 574, 577 n. 2 (S.D. Tex. 1998). The Court agrees with Magistrate Judge Hayes that the ALJ's decision in this case was not an abuse of that discretion.

Therefore, the Court ADOPTS Magistrate Judge Hayes' Report and Recommendation except to the extent she cited or discussed evidence outside of the record before the ALJ. Specifically, the Court DECLINES to adopt the discussion in the Report and Recommendation referring to assertions found in Plaintiff's IFP application. However, after conducting its own *de novo* review, the Court has determined the ALJ's decision was supported by substantial evidence without reliance on the IFP application. Accordingly, the Commissioner's decision is AFFIRMED in its entirety, and Plaintiff's Complaint is DISMISSED WITH PREJUDICE

MONROE, LOUISIANA, this 15th day of June, 2016.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE